IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
December 4, 2007 Session

## LINDA JEAN COOK (RAMSEY) v. LARRY DEAN COOK

**Appeal from the Chancery Court for Jefferson County**
**No. 93-212**

**No. E2007-00750-COA-R3-CV**
**Filed February 29, 2008**

Charles D. Susano, Jr., J., dissenting.

The parties in this case have struggled mightily for many years to fashion a court order that the plan administrator would find legally acceptable as a qualified domestic relations order under the applicable federal statutory scheme. Apparently, their efforts to date have been unsuccessful. The trial court and the majority opinion place a great deal of emphasis and significance on the *proposed* qualified domestic relations order of November 21, 1995. I do not. It seems to me that *all* of the *proposed* qualified domestic relations orders are totally lacking in legal effect. None were accepted by the plan administrator and, hence, even though signed by the court and the parties and/or their counsel, they are without legal efficacy.

When I read the parties' MDA, I reach two conclusions regarding the intent of the parties: first, that the parties intended that the division of Husband's account in the First Tennessee National Corporation Savings Plan would occur as of October 22, 1993, the date of the dissolution of this marriage; and, second, that *whatever* was in Husband's share of that Plan as of that date would belong two-thirds to Husband and one-third to Wife. If the parties had been able to craft an acceptable qualified domestic relations order shortly after the date of the divorce, the plan administrator surely would have segregated one-third of the stock of the First Tennessee National Corporation[1] into a separate account for Wife. Apparently, her segregated stock would have amounted at that time to 660.66 shares. Over the past 14 years plus, those shares have grown substantially in number and value. I believe Wife is entitled to the segregation of whatever her one-third interest would have been, both in form and amount, as if the segregation had occurred as of the date of the divorce. In my judgment, whatever those shares have now grown to – by dividend, stock split, or the like – Wife is entitled to the initial shares and the additional shares resulting from the

---

[1]Apparently, 97% of Husband's account was in the stock of First Tennessee National Corporation. As I understand the record, Wife makes no claim to the other 3%.

growth.  I find the approach of the trial court and the majority opinion to be contrary to the parties' intent and patently and fundamentally unfair to Wife.

Accordingly, I respectfully dissent.

_____
CHARLES D. SUSANO, JR., JUDGE